UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
SAN ANGELO DIVISION

| | | |
|---|---|---|
| JACKSON CONSTRUCTION CO. DBA WILDEWOOD APARTMENTS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 6:23-cv-00019 |
| THIRD COAST INSURANCE COMPANY; UNITED SPECIALTY INSURANCE COMPANY, | § § § § § | |
| Defendant. | § § | |

## DEFENDANT THIRD COAST INSURANCE COMPANY'S
## NOTICE OF REMOVAL

Defendant Third Coast Insurance Company ("TCIC") files this Notice of Removal under 28 U.S.C. § 1446(a) and respectfully states:

## I.
## INTRODUCTION

1. Plaintiff Jackson Construction, Ltd. ("Plaintiff"), incorrectly identified in this action as "Jackson Construction Co. d/b/a Wildewood Apartments," commenced this lawsuit on February 3, 2023, by filing Plaintiff's Original Petition, Jury Demand, and Request for Disclosure ("Petition") in the 391st Judicial District Court of Tom Green County, Texas – Cause No. D230046C.

2. Plaintiff's Petition, which includes a jury demand, names TCIC and United Specialty Insurance Company ("USIC") as defendants.

3. TCIC accepted service of Plaintiff's Petition on February 14, 2022, and it files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending – *i.e.*, 391st Judicial District Court of Tom Green County, Texas – is located in this District.

5. TCIC need not obtain USIC's consent to removal because USIC was improperly joined as a defendant in this action.[1] However, to the extent USIC's consent is required, USIC – which is represented by the undersigned counsel – hereby notes its consent to the removal of this action. Accordingly, the requirement that all defendants consent to removal is satisfied.

## II.
## BASIS FOR REMOVAL

6. 28 U.S.C. § 1332(a) permits removal of a state court action to federal district courts where: (a) complete diversity of citizenship exists between the parties; and (b) the amount in controversy exceeds $75,000. This case satisfies both conditions.

**A.  Removal is Proper Because Complete Diversity of Citizenship Exists Between Plaintiff and TCIC.**

7. Defendant TCIC is a foreign insurance company organized and existing under the laws of the State of Wisconsin with its principal place of business in the State of Wisconsin. TCIC is thus a citizen of Wisconsin for diversity jurisdiction purposes.

8. Defendant USIC is a foreign insurance company organized and existing under the laws of the State of Delaware with its principal place of business in the State of Texas. TCIC is thus a citizen of Delaware and Texas for diversity jurisdiction purposes. However, this Court may disregard USIC's citizenship in determining jurisdiction under 28 U.S.C. § 1332(a) because USIC was improperly joined as a defendant in this action.

---

[1]  *See Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

9.  Although Plaintiff's Petition alleges Plaintiff is a California partnership, Defendant is informed and believes the correct name of Plaintiff in this action is Jackson Construction, Ltd., which is a Texas limited partnership. Based on a review of public records filed with the Texas Secretary of State, and upon information and belief after a diligent search of publicly available sources,[2] all partners of Jackson Construction Ltd. are domiciled or reside in the State of Texas, and no partners of Jackson Construction Ltd. are domiciled or reside in the State of Wisconsin. Accordingly, complete diversity of citizenship exists between Plaintiff and TCIC (*i.e.*, the only properly joined defendant in this action) now and on the date Plaintiff filed this lawsuit.

---

[2] Courts in the Fifth Circuit have held that a defendant who has diligently investigated publicly available sources to determine that a plaintiff business entity is not a citizen of the same state as the defendant, the defendant may affirmatively state the citizenship of the plaintiff business entity upon information and belief. *See Hise Real Est. Invs., LP v. Great Lakes Ins. SE*, No. 4:20-CV-820-SDJ, 2021 WL 217264, at *3 (E.D. Tex. Jan. 21, 2021); *Bates Energy Oil & Gas, LLC v. Complete Oil Field Servs., LLC*, No. SA-17-CA-808-XR, 2017 WL 8727480, at *2 (W.D. Tex. Aug. 30, 2017) ("If, after [a reasonable] inquiry, Defendants are still unable to identify the [plaintiff's] members but have no reason to believe that any of the members share their citizenship, they may allege complete diversity in good faith on information and belief."); *see also Rollins v. Fitts*, No. 1:18-CV-198-GHD-DAS, 2019 WL 138166, at *2 (N.D. Miss. Jan. 8, 2019) ("When a plaintiff has consulted all publicly available sources and determined that no member of the association is likely a citizen of the same state as the plaintiff, he or she may affirmatively state the citizenship of an LLC on information and belief.").

Courts outside the Fifth Circuit have likewise held that parties may properly plead diversity of citizenship upon information and belief. *See, e.g., Lincoln Benefit Life Co. v. AEI Life, LLC*, 800 F.3d 99, 108 (3d Cir. 2015) (holding that a party may make jurisdictional allegations of citizenship based on information and belief as long as it has conducted a "reasonable query into the facts alleged" and consulted publicly available sources concerning the entities' membership status); *Carolina Cas. Ins. Co. v. Team Equip., Inc*., 741 F.3d 1082, 1087 (9th Cir. 2014) (stating that, when jurisdictional information rests exclusively within a party's control, it is permissible for the other side to, at least initially, "allege simply that the [other party is] diverse to it" and "to plead its allegations on the basis of information and belief"); *Med. Assurance Co. v. Hellman*, 610 F.3d 371, 376 (7th Cir. 2010) (holding that plaintiff had properly pleaded diversity of citizenship by stating "on information and belief" that defendants were citizens of a particular state). The Fifth Circuit has cited the Third Circuit's decision in *Lincoln* favorably. *See Innova Hosp. San Antonio, L.P. v. Blue Cross and Blue Shield of GA, Inc.*, 892 F.3d 719, 730 (5th Cir. 2018) (citing *Lincoln*, 800 F.3d at 107 n.31).

### *(1)   Plaintiff Improperly Joined USIC as a Defendant in this Action.*

10. A court must disregard the citizenship of a non-diverse party if the removing defendant shows improper joinder by either: (a) "actual fraud in the pleading of jurisdictional facts"; or (b) "inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[3] Under the second method, the removing defendant must demonstrate "there is no possibility of recovery by the plaintiff against [the] in-state defendant, which, stated differently means that there is no reasonable basis for the district court to predict that that the plaintiff might be able to recover against [the] in-state defendant."[4]

11. Here, Plaintiff has no reasonable possibility of recovery against USIC, which was improperly joined as a defendant in this action to defeat this Court's jurisdiction. Accordingly, this Court should disregard USIC's citizenship in determining jurisdiction under 28 U.S.C. § 1332(a).

12. Plaintiff's Petition fails to establish a reasonable possibility of recovery against USIC because Plaintiff lacks a valid claim upon which relief may be granted as to USIC. This lawsuit arises out of Plaintiff's claim for property insurance coverage for physical loss or damage allegedly sustained by the property located at 3410 Wildewood Drive, San Angelo, Texas 76904 ("Property") as the result of a storm event allegedly occurring on May 21, 2020 ("Claim").

13. With respect to USIC, Plaintiff's Petition alleges USIC issued a property insurance policy to Plaintiff, identified as USIC policy number SZU-S628197 ("USIC Policy").[5] The Petition further alleges the USIC Policy was in full effect during the period of September 4,

---

[3]   *Smallwood v. Ill. Cent. R.R. Co.*, 385 F. 3d 568, 573 (5th Cir. 2004)

[4]   *Id.*

[5]   *See* Exhibit A-3-a [Plaintiff's Petition] at ¶8, 13.

2019 through September 4, 2020, including Plaintiff's reported date of loss (*i.e.*, May 21, 2020).[6] However, despite Plaintiff's allegations regarding the effective dates of the USIC Policy, the USIC Policy was cancelled on March 15, 2020 and replaced by a commercial property insurance policy issued by TCIC – specifically, TCIC policy number PROP-STR6-029944-20, with effective dates of coverage from March 15, 2020 through September 4, 2020 ("TCIC Policy").[7] Accordingly, it is the TCIC Policy (and not the USIC Policy) that would respond to any claim for covered loss or damage reportedly sustained by the Property as a result of the storm event allegedly occurring on May 21, 2020, subject (of course) to the terms, conditions, limitations, and exclusions set forth in the TCIC Policy. Indeed, it is beyond dispute that Plaintiff's Claim was acknowledged, investigated, and evaluated by (or on behalf of) TCIC – not USIC.[8]

14.     Because the USIC Policy made the basis of Plaintiff's purported claims against USIC was cancelled more than two months before Plaintiff's reported date of loss, there is no possibility that Plaintiff might recover against USIC on any of the causes of action pleaded in Plaintiff's Petition, and this Court should disregard USIC's citizenship for purposes of 28 U.S.C. § 1332(a).

---

[6]   *See* Exhibit A-3-a [Plaintiff's Petition] at ¶13.

[7]   *See* Exhibit A-5 [USIC's Notice of Cancellation of USIC Policy]; *see also* Exhibit A-3-a [Plaintiff's Petition] at ¶13 (noting effective dates of TCIC Policy). In conducting an improper joinder analysis, a district court may "pierce the pleadings" and conduct a summary judgment inquiry. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). Piercing the pleadings is appropriate when "a plaintiff has stated a claim but has 'misstated or omitted discrete facts that would determine the propriety of joinder.'" *Craig Penfold Props., Inc. v. Travelers Cas. Ins. Co.,* No. 3:14-CV-326-L, 2014 WL 4055356, at *3 (N.D. Tex. Aug. 14, 2014). That is the case here – as Plaintiff's Petition misstates or omits discrete facts critical to this Court's improper joinder analysis, including (without limitation) known facts regarding the cancellation (and effective dates) of the USIC Policy.

[8]   *See* Exhibit A-6 (TCIC's Claim Acknowledgement Email); Exhibit A-7 (TCIC's Reservation of Rights Letter); Exhibit A-8 (TCIC's Claim Determination Letter).

**B.    Removal is Proper Because Plaintiff's Claimed Damages Exceed This Court's Jurisdictional Threshold of $75,000.**

15.    Under 28 U.S.C. § 1332(a), diversity subject matter jurisdiction requires that the matter in controversy "exceed[] the sum or value of $75,000, exclusive of interest and costs." To determine whether the amount in controversy is satisfied, this Court must look to the complaint at the time it was filed. If it is facially apparent that Plaintiff's claims in this suit exceed $75,000, exclusive of interest, costs, and attorneys' fees, Defendant's burden to establish that the amount in controversy exceeds this Court's jurisdictional threshold is satisfied.[9] "An allegation in the complaint of the requisite amount will normally suffice to confer jurisdiction upon the court if the claim is made in good faith . . . ."[10]

16.    Here, Plaintiff's Petition states that Plaintiff "seeks monetary relief of over $1,000,000."[11] TCIC denies the validity and merits of Plaintiff's claims in this action, the legal theories upon which those claims are based, and the allegations for monetary and other relief requested by Plaintiff. However, for purposes of removal only, and without conceding that Plaintiff is entitled to any damages or other relief whatsoever, it is facially apparent that the amount in controversy exceeds $75,000, exclusive of interest and costs. Accordingly, this Court has diversity jurisdiction over this matter, and it is removable under 28 U.S.C. § 1441(b).

**III.
COMPLIANCE WITH 28 U.S.C. § 1446**

17.    As required by 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of each of the following are attached to (or filed with) this Notice of Removal:

---

[9]    *Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[10]   *Gutierrez v. Nissan N. Am., Inc.*, No.: A–15–CA–01250–SS, 2016 WL 8258790, *2 (W.D. Tex. Apr. 12, 2016) (citations and internal quotation marks omitted).

[11]   Exhibit A-3-a [Plaintiff's Petition] at ¶2.

   a. an index of all documents attached to (or filed with) this Notice of Removal that clearly identifies each such document and indicates the date the document was filed in state court (if applicable), attached as <u>Exhibit A-1</u>;

   b. a copy of the docket sheet in the state court action, attached as <u>Exhibit A-2</u>;

   c. each document filed in the state court action (as separate attachments arranged in chronological order according to state court filing date), attached as <u>Exhibit A-3-a</u> through <u>Exhibit A-3-c</u>; and

   d. a separately signed certificate of interested persons that complies with Local Rule 3.1(c), attached as <u>Exhibit A-4</u>.

18. Pursuant to 28 U.S.C. § 1446(d), written notice of filing of this Notice of Removal will be given to all adverse parties promptly after the filing of this Notice of Removal, and Defendant will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

WHEREFORE, Defendant Third Coast Insurance Company hereby provides notice that this action is duly removed from the 391st Judicial District Court of Tom Green County, Texas, and respectfully requests that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

**ZELLE LLP**

By: /s/ *James W. Holbrook, III*
James W. Holbrook, III
Texas Bar No. 24032426
jholbrook@zellelaw.com
Crystal L. Vogt
Texas Bar No. 24048768
cvogt@zellelaw.com

901 Main Street, Suite 4000
Dallas, TX  75202-3975
Telephone:  214-742-3000
Facsimile:  214-760-8994

**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with Texas Rules of Civil Procedure on this March 16, 2023:

Mason Malpass
mmalpass@reedsmith.com
REED SMITH LLP
811 Main Street, Suite 1170
Houston, TX  77002-6110
Telephone:     713-469-3645
Facsimile;     713-469-3899
*Attorney for Plaintiff*

Yulia Houghtaling
(*Pro Hac Pending*)
LA Bar No. 40233
yulia@gmhatlaw.com
GAUTHIER MURPHY &
    HOUGHTALING LLC
3500 North Hullen Street
Metairie, LA  70002
Telephone:    504-456-8600
Facsimile:    504-456-8625
*Attorney for Plaintiff*

John N. Ellison
PA Bar No. 51098
jellison@reedsmith.com
REED SMITH LLP
1717 Arch Street, Suite 3100
Philadelphia, PA  19103
Telephone:    215-851-8100
Facsimile:    215-851-1420
*Of Counsel for Plaintiff*

　　　　　　　　　　　　　　 */s/ James W. Holbrook, III*
　　　　　　　　　　　　　　James W. Holbrook, III